CHRISTOPHER V. YERGENSEN, ESQ.
Nevada Bar No. 6183
**BLACK & LOBELLO**
10777 W. Twain Ave., 3rd Fl.
Las Vegas, Nevada 89135
cyergensen@blacklobello.law
(702) 869-8801
(702) 869-2669 (fax)
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GREEN STREAM HOLDINGS, INC., a Wyoming Corporation;<br>　　　　　Plaintiff,<br>vs.<br>PAUL KHAN, an individual; KEN WILLIAMS, an individual; CONNIE HELWIG, an individual; LEONARD LOVALLO, an individual; BRIAN WILMOT, an individual; TRACEY WOODS, an individual; CHARLES PETERSON, an individual; HAMMER & NAILS 2 CORP.; EAGLE EYE MEDIA LLC; HALL SALES AND MARKETING CONSULTING; AXILOGY CONSULTING CORPORATION; LEOLAH BROWN, an individual; NICHOLAUS KAMISH, an individual; 375 WALL CONSTRUCTION, LLC; MANNY VOLK, an individual; PREMIER EQUITY ADVISORS, LLC; PETER MATOUSEK, an individual; ZORHEK AQUA FARMS, INC.; COMPANY MINERA RIO SANGO LA MINRISAN; NGUYET NGUYEN, an individual; MEDICAN ENTERPRISES INC., a revoked Nevada Corporation; TERRIE SCOTT, an individual,<br>　　　　　Defendants. | Case No:<br><br>**COMPLAINT** |

COMES NOW, Plaintiff GREEN STREAM HOLDINGS, INC., a Wyoming Corporation

(hereinafter the "**Company**" or "**Plaintiff**") by and through its attorney of record, Christopher V. Yergensen, Esq., of the law firm of Black & LoBello, and hereby files this civil action for its causes of action and declaratory relief in this Complaint against Defendants, inclusive, as follows:

### INTRODUCTION

1. This is a securities fraud action brought by Plaintiff against Defendants, some of whom were officers and/or directors of Plaintiff.

2. This action is brought against Defendants for violations of the Securities Exchange Act of 1934, as well as other causes of action arising from Defendants' fraudulent actions.

### PARTIES

3. Plaintiff Green Stream Holdings, Inc., is a Wyoming corporation duly authorized and in good standing with the State of Wyoming.

4. Defendant Paul Khan is a citizen of Canada.

5. Defendant Connie Helwig is a resident of the State of California.

6. Defendant Ken Williams is a resident of the State of Florida.

7. The citizenship of Defendants Leonard Lovalla, Brian Wilmot, Tracey Woods, Charles Peterson, Leolah Brown, Nicholas Kamish, Manny Volk, Peter Matousek, Nguyet Nguyen and Terrie Scott is unknown.

8. The Defendants referenced above in ¶¶ 4-6 are referred to herein as the "Corporate Individual Defendants".

9. The Defendants referenced above in ¶ 7 are referred to herein as the "Unknown Individual Defendants".

10. The citizenship of Defendants, Hammers & Nails 2 Corp., Eagle Eye Media LLC, Hall Sales and Marketing Consulting, Axilogy Consulting Corporation, 375 Wall Construction LLC, Premier Equity Advisors LLC, Zorhek Aqua Farms Inc. and Company Minera Rio Sango

La Minrisan is unknown.

11. Defendant Medican Enterprises, Inc., is a revoked Nevada corporation.

12. The Defendants referenced above in ¶¶ 10-11 are referred to herein as the "Entity Defendants".

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 and 1337 and § 27 of the Exchange Act of 1934 (15 U.S.C. § 77aa). Plaintiff's claims arise under Section 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5.

14. Further, this Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. §1332 because Plaintiff is a citizen of the State of Wyoming, and upon information and belief, is a different state from all Defendants, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

15. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because they are related to claims within this Court's original jurisdiction such that they form part of the same case or controversy under Article III of the United States Constitution.

16. Venue lies in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. §1391 and § 27 of the Exchange Act because a substantial part of the events that give rise to the claims occurred in the district of Nevada.

17. Plaintiff was originally incorporated on April 12, 2004, by filing its articles of incorporation in the State of Nevada, and on May 15, 2019, Plaintiff elected to convert from a Nevada corporation to a Wyoming corporation. Plaintiff was a Nevada corporation from April 12, 2004, to May 15, 2019. This complaint arises from events and circumstances during the time in which Plaintiff was a Nevada corporation.

## FACTUAL ALLEGATIONS

18. Green Stream Holdings Inc. (hereinafter, "**Plaintiff**" or the "**Company**") was originally incorporated on April 12, 2004, in the State of Nevada under the name of Ford-Spoleti

Holdings, Inc.

19. On June 4, 2009, the Company merged with Eagle Oil Holding Company, a Nevada corporation, and the surviving entity, the Company, changed its name to "Eagle Oil Holding Company, Inc."

20. The Corporate Individual Defendants acted in and as the management team, thereby having authority and control, of Eagle Oil Holding Company, Inc.

21. On February 14, 2019, at the direction of the Corporate Individual Defendants, the Company entered into that certain acquisition and merger agreement (the "**Merger Agreement**"), under which the Company acquired 96% shares of common stock of Green Stream Finance Inc. (the "**Merger and Acquisition**").

22. On April 25, 2019, the Company changed its name to "Green Stream Holdings Inc."

23. On May 15, 2019, the Company elected to convert the Company from Nevada corporation to Wyoming corporation, and ultimately filed its amended and restated articles of incorporation in the State of Wyoming on December 3, 2019.

24. The Company's securities are currently quoted on the OTC Markets Group Inc.'s Pink marketplace under the symbol "GSFI."

25. The Company provides solar energy solutions to underrepresented and/or growing market segments. The Company is concurrently operating in multiple markets and is preparing to conduct business in several industry-friendly countries, states, and regions including California, Nevada, Arizona, Washington, New York, New Jersey, Massachusetts, New Mexico, Colorado, Hawaii, and Canada.

26. In order to support the Company's efforts to expand its operations, the Company sought a Regulation A exemption filing for a public offering of its securities (the "**Regulation A Filing**") with the Securities and Exchange Commission.

27. The Regulation A Filing was for the public sale of approximately 10,000,000 shares of common stock at a price of $0.75 per share.

28. During the time that the Company was preparing the Regulation A Filing, Defendant Leonard Lovallo, as well as the Corporate Defendants, made certain claims to the Company regarding certain convertible promissory notes between the Company and various individuals and entities (the "Purported Notes").

29. The Company disputed the Purported Notes and requested evidence of such Purported Notes from Defendant Leonard Lovallo, as well as requested evidence of such Purported Notes from the Corporate Defendants.

30. Prior to this time, the Company was not aware of, and upon information and belief, has no record of the Entity Defendants.

31. Prior to this time, the Company was not aware of, and upon information and belief, has no record of the Unknown Individual Defendants.

32. To date, Defendant Leonard Lovallo has not produced reasonable or substantiated evidence of the Purported Notes, other than his alleged claims.

33. To date, no Corporate Defendant, as well as any other Defendant, has produced reasonable or substantiated evidence of the Purported Notes, other than unsubstantiated alleged claims.

34. Rather than provide evidence of the Purported Notes, Defendants publicly disparaged and defamed the Company through social media outlets misrepresenting, among other things, that the Purported Notes were valid and in existence.

35. Further, the Corporate Defendants, as well others, made false and misleading claims to the Securities and Exchange Commission in connection with Plaintiff's SEC filings.

36. The Company disputes the existence of the Purported Notes, and if such Purported

Notes exist, disputes the validity of the Purported Notes because the Purported Notes (i) were not fully disclosed prior to the Merger and Acquisition; (ii) even if issued, were issued without consideration actually received by the Company; and (iii) even if issued and/or in existence, were created after the fact and were not representative of actual transactions.

37. The Company believes that the Purported Notes are fraudulent, and that Defendants have acted in a fraudulent scheme and course of business intended to deceive potential purchasers of Plaintiff's common stock through its Regulation A filing with the Securities and Exchange Commission.

38. Despite the fact that Defendants' claims are unsubstantiated by reasonable evidence, the Securities and Exchange Commission required the disclosure of the Purported Notes in the Company's public filings.

39. Therefore, on May 1, 2020, the Company complied with the request of the Securities Exchange Commission and publicly disclosed the Purported Notes in its Form 10 Filing with the Securities and Exchange Commission (the "**SEC**"), on page 34, as follows:

**PLEASE NOTE THAT THE COMPANY DOES NOT STATE THIS INFORMATION AS TRUE AND CORRECT. THE COMPANY RECEIVED SUCH INFORMATION BY MEANS OF ELECTRONIC TRANSMISSION FROM CERTAIN CLAIMANTS. THE COMPANY BELIEVES THAT THE CLAIMS REGARDING THE NOTES ARE INVALID AND IS PREPARED TO VIGOROUSLY DEFEND ITSELF AGAINST THE AFOREMENTIONED CLAIMS.**

| Date of Note Issuance | Outstanding Balance ($) | Name of Noteholder |
|---|---:|---|
| 04/30/2016 | 500,000 | Paul Khan |
| 10/01/2016 | 250,000 | Ken Williams |
| 10/20/2016 | 75,000 | Brian Wilmot |
| 12/09/2016 | 160,000 | Tracey Woods |
| 01/02/2017 | 300,000 | Charles Peterson |
| 04/01/2017 | 1,600,000 | Connie Helwig |
| 04/25/2017 | 200,000 | Hammers & Nails 2 Corp. |
| 05/11/2017 | 200,000 | Eagle Eye Media LLC |
| 05/11/2017 | 150,000 | Hall Sales and Marketing Consulting |
| 07/14/2017 | 357,143 | Axilogy Consulting Corporation |
| 08/15/2017 | 600,000 | Leolah Brown |
| 03/16/2018 | 500,000 | Nicholaus Kamish |
| 3/16/2018 | 4,500,000 | 375 Wall Construction LLC |

| Date | Amount | Name |
|---|---|---|
| 02/06/2018 | 100,000 | Manny Volk |
| 02/06/2018 | 400,000 | Premier Equity Advisors LLC |
| 01/17/2018 | 50,000 | Peter Matousek |
| 05/11/2017 | 200,000 | Eagle Eye Media LLC |
| 05/11/2017 | 150,000 | Hall Sales and Marketing Consulting |
| 12/04/2017 | 3,350,000 | Zorhek Aqua Farms Inc |
| 12/09/2016 | 160,000 | Tracey Woods |
| 10/20/2016 | 75,000 | Brian Wilmot |
| 06/11/2018 | 2,250,000 | Company Minera Rio Sango la Minrisan |
| 01/02/2017 | 300,000 | Charles Peterson |
| 12/16/2017 | 15,000 | Nguyet Nguyen |
| 11/20/2017 | 5,000,000 | Medican Enterprises Inc. |
| 11/28/2017 | 135,000 | Terrie Scott |
| 08/15/2017 | 600,000 | Leolah Brown |
| 04/25/2017 | 200,000 | Hammers & Nails 2 Corp |
| 07/14/2017 | 357,143 | Axilogy Consulting Corporation |

40. The misleading and fraudulent allegations of the Purported Notes by Defendants have been done to the detriment of Plaintiff.

## FIRST CAUSE OF ACTION

### (Violation of §10(b) of the 1934 Act and Rule 10b-5 Against All Defendants)

41. Plaintiff repeats, realleges and incorporates by reference the allegations contained in each and every preceding paragraph of this Complaint as though fully set herein.

42. Defendants disseminated or approved the false statements that the Purported Notes were valid and in existence which they knew or deliberately disregarded were false and misleading in that they further contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances which they were made, not misleading.

43. Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

   a. Employed devices, schemes and artifices to defraud;

   b. Made untrue and misleading statements of material facts;

   c. Omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

d.  Engaged in acts, practices and course of business that operated as a fraud or deceit upon Plaintiff;

44. Plaintiff has suffered damages in that, due to Defendants' actions, Plaintiff's Regulation A filing and subsequent public sale of its securities have been severely deflated in that Plaintiff has suffered money damages in the amount of $10,000,000, the exact amount of which Plaintiff will prove at trial.

45. Plaintiff has been forced to retain legal services to prosecute this action and obtain relief, and is therefore, entitled to reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

**(Violation of §20(a) of the 1934 Act Against the Corporate Individual Defendants)**

46. Plaintiff repeats, realleges and incorporates by reference the allegations contained in each and every preceding paragraph of this Complaint as though fully set herein.

47. The Corporate Individual Defendants acted as controlling persons of Plaintiff within the meaning of §20(a) of the 1934 Act prior to the Merger and at the time in which the Purported Notes are alleged to have been made.

48. By virtue of their positions with the Company, the Corporate Individual Defendants had the power and control, directly or indirectly, over Plaintiff to include the content and dissemination of the Purported Notes which Plaintiff contends are false, misleading, or were material facts were intentionally and deceitfully omitted.

49. By reason of such conduct, the Corporate Individual Defendants are liable pursuant to §20(a) of the 1934 Act.

50. Plaintiff has been forced to retain legal services to prosecute this action and obtain relief, and is therefore, entitled to reasonable attorney's fees and costs of suit.

## THIRD CAUSE OF ACTION

### (Fraudulent Misrepresentation – Against All Defendants)

51. Plaintiff repeats, realleges and incorporates by reference the allegations contained in each and every preceding paragraph of this Complaint as though fully set herein.

52. Defendants have made false representations and/or misrepresentations of material facts by claiming that the Purported Notes were valid instruments when, in fact, the Purported Notes were not in existence, were unenforceable, and/or were otherwise invalid.

53. Defendants knew, or should have known, that their representations that the Purported Notes were valid instruments were false or made the claims without sufficient basis for such representations.

54. Defendants knew, or should have known, that their representations that the Purported Notes were valid instruments were false because, among other things:

   a. The Purported Notes alleged by each and every Defendant were not made, delivered and/or executed by Plaintiff;

   b. The Purported Notes alleged by each and every Defendant were without consideration in that there was no bargained-for exchange of value between Defendants and Plaintiff;

   c. The Purported Notes alleged by each and every Defendant, even if issued, were issued without consideration actually received by the Company;

   d. The Purported Notes alleged by each and every Defendant, even if issued and/or in existence, were created after the fact and were not representative of actual transactions; and

   e. Defendants are not holders in due course of any alleged promissory note made by Plaintiff.

55.  At the time that Defendants made these false representations they knew, or should have known, that these representations were false and/or Defendants made these representations without knowledge of their truth or veracity.

56.  Defendants made the false representations with the intent that Plaintiff would rely upon such representations and be induced to pay Defendants monies and/or provide Defendants with shares of the Company.

57.  Plaintiff reasonably and justifiably relied upon the false representations of Defendants when taking certain actions related to Plaintiff's corporate financing and corporate accounting as a registered company with the Securities and Exchange Commission.

58.  As a direct and proximate result of the false representations and/or misrepresentations of Defendants, Plaintiff was induced to take certain actions related to Plaintiff's corporate financing and accounting with the Securities and Exchange Commission and has suffered money damages of $10,000,000, the exact amount to be proven at trial.

59.  Plaintiff detrimentally relied on Defendants' actions, and those actions were willful, malicious, oppressive, and in conscious disregard of Plaintiff's rights, and thus Plaintiff is entitled to an award of punitive damages to punish Defendants' wrongful conduct and deter future wrongful conduct.

60.  Plaintiff has been forced to retain legal services to prosecute this action and obtain relief, and is therefore, entitled to reasonable attorney's fees and costs of suit.

### FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation – Against All Defendants)

61.  Plaintiff repeats, realleges and incorporates by reference the allegations contained in each and every preceding paragraph of this Complaint as though fully set herein.

62.  Defendants have made negligent misrepresentations by claiming that the Purported Notes were valid instruments when, in fact, the Purported Notes were not in existence, were

unenforceable, and/or were otherwise invalid.

63. Defendants made these negligent misrepresentations in relation to a transaction in which they had pecuniary interest.

64. Defendants failed to exercise reasonable care and/or competence in obtaining and/or communicating their negligent misrepresentations as to the alleged validity of the Purported Notes or made such misrepresentations without knowledge of their truth or veracity

65. Defendants failure to exercise reasonable care and/or competence in their negligent misrepresentations is evidenced by, among other things, the fact Defendants either knew, or should have known, that:

   a. The Purported Notes alleged by each and every Defendant were not made, delivered and/or executed by Plaintiff;

   b. The Purported Notes alleged by each and every Defendant were without consideration in that there was no bargained-for exchange of value between Defendants and Plaintiff;

   c. The Purported Notes alleged by each and every Defendant, even if issued, were issued without consideration actually received by the Company;

   d. The Purported Notes alleged by each and every Defendant, even if issued and/or in existence, were created after the fact and were not representative of actual transactions; and

   e. Defendants are not holders in due course of any alleged promissory note made by Plaintiff.

66. Plaintiff did not have access to the Purported Notes and thus reasonably and justifiably relied upon the negligent misrepresentations made by Defendants and complied with the request of the Securities Exchange Commission and publicly disclosed the Purported Notes in its Form 10 Filing with the Securities and Exchange Commission.

67. As a direct and proximate result of the false representations and/or misrepresentations of Defendants, Plaintiff was induced to take certain actions related to Plaintiff's corporate financing and accounting with the Securities and Exchange Commission and has suffered money damages of $10,000,000, the exact amount to be proven at trial.

68. Plaintiff has been forced to retain legal services to prosecute this action and obtain relief, and is therefore, entitled to reasonable attorney's fees and costs of suit.

### FIFTH CAUSE OF ACTION

### (Civil Liability Under NRS 90.660 Due to Violation of NRS 90.580 – Against All Defendants)

69. Plaintiff repeats, realleges and incorporates by reference the allegations contained in each and every preceding paragraph of this Complaint as though fully set herein.

70. Subsection three (3) of Nevada Revised Statute 90.660 provides, in part, that "[a] person who willfully participates in any act or transaction in violation of NRS 90.580 is liable to a person who purchases or sells a security, other than a security traded on a national securities exchange or quoted on a national automated quotation system administered by a self-regulatory organization, at a price that was affected by the act or transaction for the damages sustained as a result of the act or transaction."

71. Nevada Revised Statute 90.580 provides that "[a] person shall not . . . [e]mploy any other deceptive or fraudulent device, scheme or artifice to manipulate the market in a security; or . . . [p]ut off, circulate or publish any false or misleading writing, statement or intelligence regarding a security that is publicly traded."

72. Subsection four (4) of Nevada Revised Statute 90.660 provides, in part, that "[a] person who directly or indirectly controls another person who is liable under subsection 1 or 3, a partner, officer or director of the person liable, a person occupying a similar status or performing

similar functions, any agent of the person liable, an employee of the person liable if the employee materially aids in the act, omission or transaction constituting the violation. . . are also liable jointly and severally with and to the same extent as the other person."

73. On February 14, 2019, Plaintiff entered into the Merger Agreement, under which Plaintiff purchased 96% of the shares of common stock of Green Stream Finance Inc.

74. In connection with Plaintiff's purchase of 96% of the shares of common stock of Green Stream Finance Inc., Defendants made untrue statements of material facts meant to induce Plaintiff to pay monies or provide Company shares to Defendants pursuant to the Purported Notes.

75. Defendants made untrue material statements by representing to Plaintiff that the Purported Notes exist and are valid.

76. At the time Defendants made these untrue material statements, they knew, or should have known, that:

    a. The Purported Notes alleged by each and every Defendant were not made, delivered and/or executed by Plaintiff;

    b. The Purported Notes alleged by each and every Defendant were without consideration in that there was no bargained-for exchange of value between Defendants and Plaintiff;

    c. The Purported Notes alleged by each and every Defendant, even if issued, were issued without consideration actually received by the Company;

    d. The Purported Notes alleged by each and every Defendant, even if issued and/or in existence, were created after the fact and were not representative of actual transactions; and

    e. Defendants are not holders in due course of any alleged promissory note made by Plaintiff.

77. The purpose of Defendants' deceptive or fraudulent device, scheme or artifice was to induce Plaintiff to pay monies and/or provide shares pursuant to the Purported Notes by manipulating the market for shares of the Company as, if Plaintiff ignored or failed to pay such outstanding debts and/or liabilities, it would negatively impact the share price of the Company.

78. Plaintiff did not have access to the Purported Notes and thus reasonably and justifiably relied upon the false material statements and/or material omissions made by Defendants pursuant to their deceptive or fraudulent device, scheme or artifice and complied with the request of the Securities Exchange Commission and publicly disclosed the Purported Notes in its Form 10 Filing with the Securities and Exchange Commission.

79. Plaintiff's public disclosure of the Purported Notes impacted the market for shares of the Company as it presented the Company to potential investors as potentially carrying substantially increased debts and/or liabilities.

80. As a direct and proximate result of Defendants' deceptive or fraudulent device, scheme or artifice, Plaintiff has suffered money damages of $10,000,000, the exact amount to be proven at trial.

81. Plaintiff detrimentally relied on Defendants' actions, and those actions were willful, malicious, oppressive, and in conscious disregard of Plaintiff's rights, and thus Plaintiff is entitled to an award of punitive damages to punish Defendants' wrongful conduct and deter future wrongful conduct.

82. Plaintiff has been forced to retain legal services to prosecute this action and obtain relief, and is therefore, entitled to reasonable attorney's fees and costs of suit.

## SIXTH CAUSE OF ACTION

**(Civil Conspiracy – Against All Defendants)**

83. Plaintiff repeats, realleges and incorporates by reference the allegations contained in each and every preceding paragraph of this Complaint as though fully set herein.

84. Defendants are two or more parties who worked together with the intention of accomplishing an unlawful objective.

85. Defendants acted together by agreement, understanding, or meeting of the minds regarding their unlawful objective and the means of pursuing it, and this agreement, understanding, or meeting of the minds was either an explicit or tacit agreement.

86. If the Purported Notes do exist, and are otherwise valid, then Defendants engaged in unlawful acts in furtherance of their agreement, understanding, or meeting of the minds by fraudulently concealing the existence of debts and/or liabilities owed by Green Stream Finance Inc. pursuant to the Purported Notes for the purpose of inducing Plaintiff to purchase the common shares of Green Stream Finance Inc.

87. If the Purported Notes do not exist, or are otherwise invalid, then Defendants engaged in unlawful acts in furtherance of their agreement, understanding, or meeting of the minds by fraudulently creating the Purported Notes and/or by fraudulently representing to Plaintiff that they are owed monies and/or shares of the Company pursuant to the Purported Notes.

88. Plaintiff did not have access to the Purported Notes and thus was forced to comply with the request of the Securities Exchange Commission and publicly disclosed the Purported Notes in its Form 10 Filing with the Securities and Exchange Commission.

89. Plaintiff's public disclosure of the Purported Notes impacted the market for shares of the Company as it presented the Company to potential investors as potentially carrying substantially increased debts and/or liabilities.

90. As a direct and proximate result of Defendants' actions, Plaintiff has suffered money damages of $10,000,000, the exact amount to be proven at trial.

91. Plaintiff detrimentally relied on Defendants' actions, and those actions were willful, malicious, oppressive, and in conscious disregard of Plaintiff's rights, and thus Plaintiff is entitled to an award of punitive damages to punish Defendants' wrongful conduct and deter future

wrongful conduct.

92. Plaintiff has been forced to retain legal services to prosecute this action and obtain relief, and is therefore, entitled to reasonable attorney's fees and costs of suit.

### SEVENTH CAUSE OF ACTION

### (Defamation – Against All Defendants)

93. Plaintiff repeats, realleges and incorporates by reference the allegations contained in each and every preceding paragraph of this Complaint as though fully set herein.

94. Defendants have made false and defamatory statements about Plaintiff in the form of allegations that Plaintiff owes Defendants large sums of monies pursuant to the Purported Notes.

95. Defendants have made the unprivileged publication of these false and defamatory statements to third parties.

96. These false and defamatory statements by Defendants are allegations that would tend to injure Plaintiff in its business, as Plaintiff was forced to comply with the request of the Securities Exchange Commission and publicly disclosing the Purported Notes in its Form 10 Filing with the Securities and Exchange Commission.

97. These false and defamatory statements by Defendants are allegations that would tend to injure Plaintiff in its business, as these statements have impacted the market for shares of the Company as it presented the Company to potential investors as potentially carrying substantially increased debts and/or liabilities.

98. Defendants made these false statements with knowledge that the statements were false or with reckless disregard as to whether the statements were false or not.

99. Defendants knew, or should have known, that their statements that the Purported Notes were valid instruments were false because, among other things:

    a. The Purported Notes alleged by each and every Defendant were not made, delivered and/or executed by Plaintiff;

    b. The Purported Notes alleged by each and every Defendant were without

consideration in that there was no bargained-for exchange of value between Defendants and Plaintiff;

c. The Purported Notes alleged by each and every Defendant, even if issued, were issued without consideration actually received by the Company;

d. The Purported Notes alleged by each and every Defendant, even if issued and/or in existence, were created after the fact and were not representative of actual transactions; and

e. Defendants are not holders in due course of any alleged promissory note made by Plaintiff.

100. As a direct and proximate result of the publication of false statements to third parties by Defendants, Plaintiff has suffered money damages of $10,000,000, the exact amount to be proven at trial.

101. Defendants' actions were willful, malicious, oppressive, and in conscious disregard of Plaintiff's rights, and thus Plaintiff is entitled to an award of punitive damages to punish Defendants' wrongful conduct and deter future wrongful conduct.

102. Plaintiff has been forced to retain legal services to prosecute this action and obtain relief, and is therefore, entitled to reasonable attorney's fees and costs of suit.

103. Plaintiff detrimentally relied on Defendants' actions, and those actions were willful, malicious, oppressive, and in conscious disregard of Plaintiff's rights, and thus Plaintiff is entitled to an award of punitive damages to punish Defendants' wrongful conduct and deter future wrongful conduct.

## EIGHTH CAUSE OF ACTION

### (Declaratory Relief – Against All Defendants)

104. Plaintiff repeats, realleges and incorporates by reference the allegations contained

in each and every preceding paragraph of this Complaint as though fully set herein.

105. Plaintiff seeks a declaratory judgement pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201(a), which provides that this Court of the United States "may declare the rights and other legal relations of any interested party seeking such declaration . . . Any such declaration shall have the force and effect of a final judgment or decree."

106. The parties in this case are interested in the allegations of the existence or validity of the Purported Notes, and an actual and immediate controversy exists as to whether Defendants' Purported Notes with Plaintiff materially exist and are valid.

107. A declaration of the rights, responsibilities, and obligations of the Parties with respect to the Purported Notes is essential to determine their respective obligations in connection with the Purported Notes, if any.

108. Defendants have failed to even provide material and substantiated evidence that the Purported Notes exist, were made by Plaintiff, and were made with adequate consideration.

109. Plaintiff seeks a declaration from this Court that Defendants' Purported Notes are not valid and unenforceable.

110. Plaintiff has been forced to retain legal services to prosecute this action and obtain relief, and is therefore, entitled to reasonable attorney's fees and costs of suit.

## NINETH CAUSE OF ACTION

### (Preliminary and Permanent Injunction)

111. Plaintiff repeats, realleges and incorporates by reference the allegations contained in each and every preceding paragraph of this Complaint as though fully set herein.

112. Plaintiff seeks injunctive relief to enforce the judicial declarations sought by them in Count Fourteen and to secure its rights declared thereunder.

113. Plaintiff also seeks injunctive relief against Defendants enjoining Defendants from

taking any further actions that is detrimental to the Company, such as, (1) refraining from alleging there are any additional outstanding Promissory Notes between Defendants and the Company; (2) refraining from taking any actions that may reasonably interfere with Plaintiff's actions in providing for the financing, or refinancing, of the Company; and (3) refraining from taking any actions that may reasonably interfere with Plaintiff's actions in disclosing information related to the Company through filing with the Securities and Exchange Commission.

114. Plaintiff will suffer irreparable harm if Defendants are not enjoined from further violations of Nevada law, and interfering with Plaintiffs actions in disclosing information related to the Company through filing with the Securities and Exchange Commission.

115. Plaintiff is likely to succeed on the merits of their claims, and is entitled to a preliminary injunction because Defendants have failed to even provide any material and substantiated evidence of any kind that the Purported Notes exist, were made by Plaintiff, and were made with adequate consideration.

116. The injunction, if issued, will not be adverse to the public interest because it is in the public interest that those considering purchasing registered securities, such as shares of the Company, have access to accurate information regarding the debts and/or liabilities of the companies issuing those securities and the injunction will prevent further efforts by Defendants to manipulate the market for securities.

117. Plaintiff has been forced to retain legal services to prosecute this action and obtain relief, and is therefore, entitled to reasonable attorney's fees and costs of suit.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For general and compensatory damages against Defendants in an amount to be proven at trial or at least $10,000,000;

2. For punitive damages in an amount to be proven at trial;

3. For declaratory relief against Defendants;

4. For a preliminary and permanent injunction against Defendants;

5. For reasonable attorney's fees;

6. For costs incurred in the pursuit of this action; and

7. For such other further relief as the court deems proper.

Dated this 17th day of July 2020.

BLACK & LOBELLO

CHRIS V. YERGENSEN, ESQ.
Nevada Bar No. 6183
10777 West Twain Avenue, Suite 300
Las Vegas, Nevada 89135
*Attorney for Plaintiff*